**Steve D. Larson,** OSB No. 863540
Email: slarson@stollberne.com
**Keil M. Mueller**, OSB No. 085535
Email: kmueller@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone:     (503) 227-1600
Facsimile:     (503) 227-6840

**Matthew S. Kirkpatrick**, OSB No. 083820
Email:  MattK@MKirkpatrickLaw.com
KIRKPATRICK LAW
7505 SE 18th Avenue
Portland, OR 97202
Telephone:     (503) 901-8739
Facsimile:     (503) 894-7846

**Attorneys for Plaintiff**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PATRICK SCHOLL, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>LANDCAR CASUALTY COMPANY,<br><br>    Defendant. | Case No. 3:16-cv-01922<br><br>**CLASS ACTION ALLEGATION COMPLAINT**<br><br>Breach of Contract<br><br>DEMAND FOR JURY TRIAL |

## SUMMARY AND OVERVIEW

1. This is a class action on behalf of all current and former holders of Guaranteed Automobile Protection ("GAP") insurance policies issued by defendant Landcar Casualty Company, whose covered vehicles suffered a qualifying loss, but for whom Defendant, after October 1, 2010, improperly failed to pay the amounts of the insured class members' primary insurance deductibles.

2. Plaintiff Patrick Scholl is a resident of Oregon.

3. Defendant Landcar Casualty Company is a Utah Corporation that has issued insurance policies in Arizona, California, Colorado, Hawaii, Idaho, New Mexico, Oregon, Utah, and Washington.

## JURISDICTION AND VENUE

4. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because it is a suit between the citizens of different states and the amount in controversy exceeds $75,000. This Court also has jurisdiction under 28 U.S.C. § 1711 *et. seq.* and the Class Action Fairness Act 28 U.S.C. § 1332(d) because the matter in controversy exceeds $5,000,000, exclusive of interest and costs, and because many members of the proposed Plaintiff Class, including the named Plaintiff, are citizens of states different from the home state of Defendant.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391, because Defendant engages in substantial business in this district and because a substantial part of the conduct giving rise to the claims occurred in this district.

## COMMON FACTUAL ALLEGATIONS

6. Plaintiff, and all others similarly situated, owned GAP insurance policies issued by Defendant.

{SSBLS Main Documents/8802/001/00607444-2 }
Page 2 -   CLASS ACTION ALLEGATION COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

7. Upon information and belief, all policy language at issue in this case is either identical or substantially similar to the language in the policy that defendant issued to Plaintiff.

8. Upon information and belief, Defendant Landcar issued thousands of GAP insurance policies with a Primary Carrier Deductible Coverage Limit of $1,000 and with Certificates of Coverage promising, in the event of a constructive total loss, to pay:

> "C.  **COMPANY'S SETTLEMENT -** * * * **:**
>
> "1. The amount obtained by subtracting the Actual Cash Value of the Covered Vehicle, as determined by the Primary Insurance Carrier, from the unpaid Net Payoff as defined in the Certificate **plus an amount for the Primary Carrier deductible that is not to exceed the limit shown in the Schedule.**

[Second emphasis added.]

9. Plaintiff, and all others similarly situated, owned or leased covered vehicles that suffered a constructive total loss under the terms of the policies.

10. Plaintiff, and all others similarly situated, submitted claims to Defendant under the GAP policies.

11. Defendant processed Plaintiff's claims, and the claims of all others similarly situated, and made payments to them or on their behalf. However, contrary to the terms of the policies, Defendant did not pay the amount of Plaintiff's primary carrier deductible, or the amounts of the primary carrier deductibles of all others similarly situated, to them or on their behalf.

12. Plaintiff, and all others similarly situated, performed all of their obligations under the policies.

{SSBLS Main Documents/8802/001/00607444-2 }
Page 3 -   CLASS ACTION ALLEGATION COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

## CLASS ACTION ALLEGATIONS

13.     Plaintiff brings this action as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on his own behalf and on behalf of all other persons similarly situated as members of the proposed Class.  This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of these provisions.

14.     The proposed Class is defined as follows:

> All persons or entities that purchased a Guaranteed Automotive Protection ("GAP") insurance policy issued by Defendant Landcar Casualty Company in Arizona, California, Colorado, Hawaii, Idaho, New Mexico, Oregon, Utah or Washington whose covered vehicles suffered a constructive total loss under the terms of the policy, but for whom Defendant, after October 1, 2010, failed to pay the amounts of the class members' primary insurance deductibles.

15.     The members of the Class are so numerous that joinder of all members is impracticable.  On information and belief, Defendant improperly failed to pay the amounts of the deductibles under hundreds of policies when vehicles insured under the policies suffered a constructive total loss.  The adjudication of Plaintiff's claims, and the claims of those similarly situated, in a class action will provide substantial benefits to the parties and the Court.

16.     There is a well-defined community of interest in the questions of law and fact involved in this case.  Questions of law and fact common to the members of the Class predominate over questions that may affect individual class members, including:

    a.     Whether the GAP insurance policies Defendant issued to members of the Class required Defendant to pay the amounts of class members' primary carrier deductibles;

    b.     Whether Defendant breached the policies by failing to pay the amounts of class members' primary carrier deductibles; and

{SSBLS Main Documents/8802/001/00607444-2 }
Page 4 -   CLASS ACTION ALLEGATION COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

c. Whether Defendant should pay damages in the amounts of class members' unpaid primary carrier deductibles.

17. Plaintiff's claims are typical of those of the Class because Plaintiff and the Class had losses covered by Defendant's GAP policies, but Defendant failed to pay the amounts of their primary insurance deductibles.

18. Plaintiff will adequately protect the interests of the Class and has retained counsel who are experienced in class action litigation. Plaintiff has no interests that conflict with those of the Class.

19. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

### FIRST CLAIM FOR RELIEF
### Breach of Contract

20. Plaintiff realleges all above paragraphs, to the extent not inconsistent herewith, as if each is set forth *in toto* hereunder.

21. Defendant breached the GAP insurance policies by failing to pay the amount of Plaintiff's primary carrier deductible, and failing to pay the amounts of the primary carrier deductibles of all others similarly situated, to them or on their behalf.

22. As a direct and foreseeable result of Defendant's breaches of the policies, Plaintiff and all others similarly situated have been damaged in the amount of their primary carrier deductibles, up to the policies' Primary Carrier Deductible Coverage Limits.

23. Plaintiff, and all others similarly situated, are entitled to costs, expenses and attorney fees under the terms of the policy and various state laws regulating insurance, and prejudgment interest at the applicable statutory rates.

{SSBLS Main Documents/8802/001/00607444-2 }
Page 5 -   CLASS ACTION ALLEGATION COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600  FAX (503) 227-6840

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

(1)   Declaring this action to be a proper class action pursuant to Rule 23;

(2)   Awarding Plaintiff and the members of the Class damages, costs, expenses, including reasonable attorney fees, and prejudgment interest; and

(3)   Awarding such other legal and equitable relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED this 30th day of September, 2016.

**STOLL STOLL BERNE LOKTING & SHLACHTER P.C.**

By: s/ Steve D. Larson
   **Steve D. Larson,** OSB No. 863540
   **Keil M. Mueller**, OSB No. 085535

209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone:   (503) 227-1600
Facsimile:   (503) 227-6840
Email:      slarson@stollberne.com
            kmueller@stollberne.com

-and-

**Matthew S. Kirkpatrick,** OSB No. 083820
KIRKPATRICK LAW
7505 SE 18th Avenue
Portland, OR 97202
Telephone:   (503) 901-8739
Facsimile:   (503) 894-7846
Email:      MattK@MKirkpatrickLaw.com

**Attorneys for Plaintiff**

{SSBLS Main Documents/8802/001/00607444-2 }
Page 6 -   CLASS ACTION ALLEGATION COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840